FILED
 2015 Aug-20  PM 04:00
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION

GEODESIC CONSULTING, LLC,     }
                              }
     Plaintiff,               }
                              }       CIVIL ACTION NO.
v.                            }
                              }       2:15-cv-1225-WMA
BBVA USA BANCSHARES, INC.,    }
                              }
     Defendant.               }
```

### MEMORANDUM OPINION AND ORDER

Before the court is a motion to remand (Doc. 4) filed by plaintiff Geodesic Consulting, LLC ("Geodesic"). For the reasons stated below, the motion will be denied.

### BACKGROUND

Geodesic initiated this action against defendant BBVA USA Bancshares, Inc. ("BBVA"), in the Circuit Court of Jefferson County, Alabama. (Doc. 1-1 at 3). BBVA was served with the summons and complaint on June 29, 2015. (Doc. 1-1 at 26). In the complaint, Geodesic alleges that it contracted with BBVA to provide it information and technology services. The contract required Geodesic to relocate a key employee from Spain to Birmingham. (Doc. 1-1 at 3-4, ¶ 4). Geodesic alleges that it performed under the contract, but that BBVA paid Geodesic $35,840 less than it was appropriately billed. (Doc. 1-1 at 5, ¶ 8). Geodesic also alleges that BBVA misrepresented the nature and length of the project. (Doc. 1-1 at 7, ¶ 25).

Geodesic presents five causes of action: common counts, breach

of contract, tortious breach of contract, suppression, and fraud. It seeks the following damages: the $35,840 that BBVA did not pay, compensatory damages for the costs of relocating the employee, and punitive damages for BBVA's alleged fraudulent misrepresentation. BBVA removed the action on July 22, 2015, asserting this court's diversity jurisdiction as a basis for removal. (Doc. 1). Geodesic moved to remand the action on August 10, 2015, arguing that BBVA has not demonstrated satisfaction of the amount-in-controversy requirement in 28 U.S.C. § 1332. (Doc. 4).

## DISCUSSION

Ordinarily, to ascertain the amount in controversy of an action removed based on diversity, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). But if the complaint does not contain an *ad damnum* clause, as this one does not, "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2)(a). In such a case, removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(B).

Geodesic argues that BBVA has failed to meet this preponderance standard, hopefully citing a 2007 decision of this very court, *Constant v. International House of Pancakes*, 487 F. Supp. 2d 1308, 1310-11 (N.D. Ala. 2007). In *Constant*, this court interpreted *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), to mean that removing defendants cannot carry their burdens

with "rank speculation" and "unabashed guesswork" but must present competent evidence of the amount in controversy. *Constant*, 487 F. Supp. 2d at 1310-11 (quoting *Lowery*, 483 F.3d at 1211, 1215 n.67). But, as this court much more recently said in *Smith v. State Farm Fire & Casualty Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012), "That was then. This is now." Now, as a result of the amendments to § 1446 and Eleventh Circuit decisions such as *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010), courts are permitted, and indeed required, to approach the amount-in-controversy question by making "reasonable deductions, reasonable inferences, or other reasonable extrapolations." "[W]hen a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requiremen[t], it need not give credence to a plaintiff's representation that the value of the claim is indeterminate." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010). In light of these and similar exhortations, this court readily concluded in *Smith* that plaintiffs "who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages . . ., must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more." 868 F. Supp. 2d at 1335.

This court today adheres to its holding in *Smith*. In light of Geodesic's claims for $35,840 in contract damages, additional

compensatory damages for the cost of the trans-continental move of the key employee, and a fraud claim seeking punitive damages, the court need not overuse its common sense to conclude that plaintiff places more than $75,000 in controversy. Because Geodesic has not disclaimed entitlement to any amount over $74,999.99, its motion to remand (Doc. 4) is DENIED.

**THE UNDERSIGNED TO WHOM THIS CASE IS ASSIGNED DOES NOT EMPLOY THE "UNIFORM INITIAL ORDER" FOUND ON THE COURT'S WEBSITE.**

An answer having been filed, the parties are hereby reminded that the case is governed by the Federal Rules of Civil Procedure. The parties should pay particular attention to Fed. R. Civ. P. 7.1, 26, and 16, and should with their initial report notify the court if the case should be evaluated for proceeding upon any of the tracks provided by this court's Alternative Dispute Resolution Plan.

DONE this 20th day of August, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE